UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. SNOW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID KAY, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01606-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 6] |

Plaintiff William L. Snow is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the initial complaint on October 21, 2015, and an amended complaint was filed on December 1, 2015. (ECF Nos. 1, 6.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff is incarcerated at Valley State Prison in Coalinga, California.  Plaintiff has diabetes which impairs his eyesight.

Plaintiff put in several medical requests relating to the loss of his eyesight, and was evaluated by Dr. Shwe, his Primary Care Physician (PCP).  Plaintiff was referred to an outside eye specialist.

In April 2014, Plaintiff was evaluated by Dr. Kay at Natural Vision Center, who recommended surgery.  On October 24, 2014, Plaintiff underwent eye surgery on his left eye.  After a few months of recovery, it would be determined if the procedure was successful.  However, after recovery, Plaintiff's eyesight did not improve.  Plaintiff submitted requests to his PCP informing him the eye surgery was not successful, and Plaintiff was referred back to Dr. Kay.

On May 4, 2015, Dr. Kay moved forward with the surgery on Plaintiff's right eye. The end results of the procedure left Plaintiff's eye full of fluid with an open wound. Plaintiff complained to his PCP about the failed eye procedures and was referred back to Dr. Kay.

Dr. Kay would not conduct corrective surgery but recommended that Plaintiff get a second opinion. However, the PCP would not approve a second opinion and sent Plaintiff back to Dr. Kay.

Plaintiff subsequently went to an eye specialist at the University of California (UC), Davis who stated that ninety days after the procedure the fluid from Plaintiff's eyes should have been drained. However, Dr. Kay never drained Plaintiff's eyes. Surgery was scheduled to correct the problems with both of Plaintiff's eyes.

## III.

## DISCUSSION

### A.  Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Medical malpractice or negligence is insufficient to establish a violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Thus, mere negligence in diagnosing or treating a condition does not violate the Eighth Amendment. Id. at 1057. Also, an inadvertent failure to protect adequate

3

medical care alone does not rise to the level of an Eighth Amendment violation. Jett, 429 F.3d at 1096. In addition, a difference of opinion as to whether further surgery or the urgency of a particular procedure fails to raise a cognizable claim of deliberate indifference. Toguchi, 391 F.3d at 1058.

Plaintiff's allegations are not sufficient to give rise to an Eighth Amendment medical claim against Defendant Doctor Kay. Plaintiff has alleged, at most, that Doctor Kay acted negligently in performance of the eye surgery on Plaintiff. Mere negligence does not violate the Eighth Amendment. Id. at 1057.

Plaintiff's allegations are also insufficient to give rise to an Eighth Amendment medical claim against Defendant Doctor Shwe. Plaintiff's allegations are vague and conclusory and fail to give rise to a constitutional violation. Plaintiff has not alleged that after his surgery by Doctor Kay, Doctor Shwe was aware of a serious risk of harm to Plaintiff's health and failed to act or that his actions resulted in further injury to his eyes. Plaintiff does not describe how Defendant Shwe knew that Plaintiff would not receive corrective surgery, nor has he alleged sufficient facts that Defendant Shwe was responsible for the delay. The fact that Defendant Shwe sent Plaintiff back to Doctor Kay, alone, does not demonstrate deliberate indifference, and Plaintiff admits he was sent to UC Davis for evaluation-which indicates a referral was generated at some point in time. The facts as presented demonstrate that Plaintiff was evaluated and treated. The fact that Plaintiff does not agree or that such treatment was not successful does not give rise to a claim for deliberate indifference. Plaintiff has therefore failed to set forth sufficient factual support to demonstrate that Defendant Shwe acted with deliberate indifference and Plaintiff fails to state a cognizable claim.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

///

4

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's amended complaint, filed December 1, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim and for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **January 29, 2016**            _____
                                          UNITED STATES MAGISTRATE JUDGE