UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. SNOW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOCTOR SHWE,<br><br>　　　　Defendant. | Case No.: 1:15-cv-01606-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT, DIRECTING CLERK OF COURT TO VACATE ENTRY OF DEFAULT, AND DIRECTING DEFENDANT TO FILE AN ANSWER TO COMPLAINT WITHIN TEN DAYS FROM THE DATE OF SERVICE OF THIS ORDER<br><br>[ECF Nos. 19, 20] |

　　　　Plaintiff William L. Snow is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to United States Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]  Defendant has not consented or declined to United States Magistrate Judge jurisdiction.

　　　　Currently before the Court is Defendant Dr. Shwe's motion to set aside entry of default, filed October 11, 2016.

**I.**

**PROCEDURAL HISTORY**

　　　　Plaintiff filed the instant action on October 21, 2015, and a first amended complaint on December 1, 2015. On February 1, 2016, the Court dismissed the first amended complaint, with leave

---

[1] Plaintiff consented to Magistrate Judge jurisdiction on November 2, 2015. (ECF No. 5.)

1

1  to amend, for failure to state a cognizable claim for relief.  Plaintiff filed a second amended complaint
2  on February 22, 2016.  On March 8, 2016, the Court directed Plaintiff to file a third amended
3  complaint or notify the Court of his intent to proceed only on the claim against Defendant Dr. Shwe.
4  Plaintiff filed a third amended complaint on March 30, 3016.  On May 6, 2016, the Court found that
5  Plaintiff stated a cognizable claim for deliberate indifference to a serious medical need against
6  Defendant Dr. Shwe only, and Defendant Dr. Kay was dismissed from the action for failure to state a
7  cognizable claim for relief.

8       The United States Marshal served Defendant Dr. Shwe by mail on June 6, 2016, and Dr. Shwe
9  returned a waiver of service of summons form on July 13, 2016.  The waiver is signed by James
10 Walker, as attorney for Shwe and states that he understands that judgment may be entered against him
11 if he does not file an answer or motion under Federal Rule of Civil Procedure 12 within sixty days of
12 June 6, 2016.  (Id.)  Pursuant to Rule 12, Defendant Shwe's response pleading was due August 5,
13 2016.

14      After no responsive pleading was filed, Plaintiff moved for entry of default against Defendant
15 Dr. Shwe on September 9, 2016.

16      On September 14, 2016, the Court granted Plaintiff's motion for entry of default against
17 Defendant Dr. Shwe.

18      As previously stated, Defendant Shwe filed a motion to set aside the entry of default on
19 October 11, 2016.  Plaintiff filed a timely opposition on December 2, 2016, and Defendant filed a
20 reply on December 7, 2016.

## II.

## DISCUSSION

23 Once default has been entered against a defendant, the Court may, "[f]or good cause shown …
24 set aside an entry of default. . . ."  Fed. R. Civ. P. 55(c).  "The court's discretion is especially broad
25 where, as here, it is entry of default that is being set aside, rather than default judgment."  O'Connor v.
26 State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783
27 F.2d 941, 945 (9th Cir. 1986); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000).
28 Default is generally disfavored.  In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).  Therefore,

"[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." Mendoza, 783 F.2d at 945-946 (quoting Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)). In determining whether to set aside default, relevant factors including the culpability of defendant, the existence of a meritorious defense, and any prejudice to plaintiff should be considered. American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." Alan Neuman Prods., Inc., v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). An intentional failure to respond denotes a willful, deliberate, or bad faith failure. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001), overruled in part on other grounds by Egelhoff v. Egelhoff ex. Rel. Breiner, 532 U.S. 141 (2001). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional.'" Id.

In this instance, Defendant Dr. Shwe, through his attorney, signed a waiver of service of the summons on July 13, 2016. Counsel, Deputy Attorney General, James Walter, declares that he typically will "sign these documents on behalf of a client who authorizes me to do so, and then file an answer or response to a complaint within a few days. In this case, [he] did not do so." (Walter Decl. ¶ 2, ECF No. 20-2.) Counsel further declares as follows:

> In my review of this file, I noted that a Request for Representation is not included among the documents that we have in our correspondence file. The correspondence file, one of several in a "doghouse" manila binder, has notes of mine that indicate "RFR coming." This is the notation that I give to requests for representation.
>
> Based on my custom and practice and this office's policy, I do not respond to complaints without receiving a formal request for representation from a client. In this case, I know that I signed the notice of acknowledgement shortly before I began a vacation and in the immediate aftermath of a civil trial in the Superior Court of California, County of Sacramento. I believe that I intended to respond to the complaint by filing an answer but was awaiting receipt of the formal request for representation. My handwritten notes tell me that I believed that the request for representation would be received very soon, and then we would file an answer for Dr. Shwe

>(there was no applicable motion to dismiss in my opinion.) I further believe that I misfiled the physical file, causing me to lose track of the status of this case.
>
>On October 10, 2016, I was reviewing several of my files and saw this file in my electronic database of cases. I looked for, but could not find, the physical file for this case (e.g., the doghouse manila binder). I then looked on the Court's PACER File and saw that default had been requested and entered.
>
>I immediately searched through the remainder of my files and my secretary located this one, slightly misfiled between two other cases that began with the letter R. This file appears to have been misfiled by me.
>
>I then contacted the litigation coordinator for Valley State Prison and requested that she email the request for representation to me on October 10, 2016. After receipt of the request for representation, I then drafted this motion.
>
>The mistake in not timely filing an answer in this case is entirely mine. Dr. Shwe did in fact file a request for representation, and did request that this office represent him. In intended to honor his request, but just lost track of this case. I apologize to the Court and to the plaintiff for my error, it is one that I am embarrassed to admit happen, and sincerely regret.

(Walter Decl. ¶¶ 3-7, ECF No. 20-2.)

The Court finds there is no evidence in the record from which the Court may conclude that Defendant willfully and intentionally failed to comply with the applicable rules. Although admittedly neglectful, counsel filed the instant motion to set aside default along with a draft answer within one day of learning of the error, and his failure to follow through by responding to the complaint after waiving service is simply the result of excusable neglect. TGI Group Life Ins. Plan v. Knoebber, 244 F.3d at 697-98.

At issue in this action is whether Defendant Dr. Shwe was deliberately indifferent to Plaintiff's serious medical need, and Defendant disputes this claim and denies that he was deliberately indifferent to Plaintiff's medical needs. Thus, there is a factual dispute between the parties concerning whether Defendant Dr. Shwe violated Plaintiff's rights under the Eighth Amendment, and the Court cannot find that Defendant Dr. Shwe does not have a meritorious defense.

Finally, resolution of an action on its merits and not default is favored. To establish prejudice sufficient to defeat a motion to set aside entry of default, Plaintiff must show that his "ability to pursue his claim [has been] hindered." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d at 701 ("[t]o be

4

prejudicial, the setting aside of judgment must result in greater harm than simply delaying resolution of the case.") Plaintiff has not shown actual prejudice. Plaintiff's argument that his vision is declining does not demonstrate legal prejudice. In addition, Plaintiff's claim that he is required to find another jailhouse counsel does not present actual prejudice as Plaintiff's filings demonstrate a general understanding of how to proceed and respond to filings and/or orders in this case. There is no claim of loss of evidence, increased difficulties in discovery, or a greater opportunity for fraud or collusion. Moreover, the default was only recently entered and Defendant promptly moved to set aside the entry of default. The Court can discern no prejudice to Plaintiff aside from the minimal delay in resolution of the action. Id. Accordingly, Defendant's motion to set aside the entry of default shall be granted, and the entry of default against Defendant Dr. Shwe shall be set aside.

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to set aside the entry of default is GRANTED;
2. The Clerk of Court shall vacate the entry of default entered September 14, 2016; and
3. Within **ten (10)** days from the date of service of this order, Defendant shall file his answer to the complaint.

IT IS SO ORDERED.

Dated: **December 20, 2016**

UNITED STATES MAGISTRATE JUDGE