1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM L. SNOW, | ) Case No.: 1:15-cv-01606-SAB (PC) |
| Plaintiff, | ) |
| | ) ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 5, 2016, ORDER |
| v. | ) |
| DOCTOR SHWE, | ) [ECF No. 33] |
| Defendant. | ) |
| _____ | ) |

Plaintiff William L. Snow is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to United States Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (ECF No. 5.)

Currently before the Court is Plaintiff's motion for reconsideration of the Court's December 5, 2016, order denying him appointment of counsel, filed December 19, 2016.

**I.**

**DISCUSSION**

Reconsideration motions are committed to the discretion of the trial court.  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987).  A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds,

828 F.2d 514 (9th Cir. 1987).

As Plaintiff was previously advised, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision.  At this point in the proceedings, Plaintiff has not demonstrated that he has the required exceptional circumstances.  Although Plaintiff contends that he is legally blind, Plaintiff fails to demonstrate that such circumstances have hindered his ability in prosecuting this action.  Plaintiff's reliance on "prison litigator's is not an extraordinary circumstance in this instance.  As stated in the Court's December 5, 2016, order, Plaintiff is not precluded from renewing the request for appointment of counsel at a later stage of the proceedings, if appropriate.  (Order at 2:14-16, ECF No. 27.)  Accordingly, Plaintiff's motion for reconsideration of the Court's December 5, 2016, order denying him appointment of counsel is denied.

IT IS SO ORDERED.

Dated:   **December 22, 2016**

_____

UNITED STATES MAGISTRATE JUDGE