1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                              **EASTERN DISTRICT OF CALIFORNIA**

10

11    WILLIAM L. SNOW,                        )   Case No.: 1:15-cv-01606-SAB (PC)
                                              )
12                  Plaintiff,                )
                                              )
13           v.                               )   ORDER DENYING, WITHOUT PREJUDICE,
                                              )   PLAINTIFF'S MOTION TO STAY THE
                                              )   PROCEEDINGS AND APPOINT COUNSEL
14    DOCTOR SHWE,                            )
                                              )   [ECF No. 38]
15                  Defendant.                )
                                              )
16    _____       )

17          Plaintiff William L. Snow is appearing pro se and in forma pauperis in this civil rights action

18    pursuant to 42 U.S.C. § 1983.

19          On January 23, 2017, Plaintiff filed a request to stay the proceedings and appoint counsel in

20    this action.  In his motion, Plaintiff merely contends that he is blind and is in need of counsel.

21          Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

22    Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent

23    plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

24    District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court

25    may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at

26    1525.

27    ///

28    ///

                                                   1

1   Without a reasonable method of securing and compensating counsel, the court will seek

2   volunteer counsel only in the most serious and exceptional cases.  In determining whether

3   "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

4   merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

5   legal issues involved." Id.  (internal quotation marks and citations omitted).

6   The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood

7   of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the

8   complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.

9   1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most

10  prisoners, such as lack of legal education and limited law library access, do not establish exceptional

11  circumstances that would warrant a request for voluntary assistance of counsel.  In the present case,

12  the Court does not find that Plaintiff cannot adequately articulate his claims or respond to the Court's

13  orders.  Although Plaintiff submits that he is legally blind, Plaintiff's eyesight appears sufficient

14  enough to prepare and file legal documents in this case.  Plaintiff is advised that he is not precluded

15  from renewing the motion for appointment of counsel at a later stage of the proceedings, if

16  appropriate.  Accordingly, Plaintiff's request to stay the proceedings and appoint counsel is DENIED

17  without prejudice.

18

19  IT IS SO ORDERED.

20  Dated:   **January 24, 2017**

21                                             UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

2